NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

JOHNNY RAY WALLS-BEY, *Petitioner*.

No. 1 CA-CR 25-0556 PRPC

FILED 07-15-2026

Petition for Review from the Superior Court in Maricopa County
No. CR2020-001909-001
The Honorable Rodney Mitchell, Judge *Pro Tempore*

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Philip Casey Grove
*Counsel for Respondent*

Johnny Ray Walls-Bey, Phoenix
*Petitioner*

**MEMORANDUM DECISION**

Judge Cynthia J. Bailey delivered the decision of the Court, in which Presiding Judge Daniel J. Kiley and Judge D. Steven Williams joined.

**B A I L E Y**, Judge:

¶1 Petitioner Johnny Ray Walls-Bey seeks review of the superior court's order dismissing his petition for post-conviction relief ("PCR") filed under Arizona Rule of Criminal Procedure ("Rule") 33. We have considered the petition for review and, for the following reasons, grant review and deny relief.

## FACTS AND PROCEDURAL HISTORY

¶2 In July 2022, Walls-Bey pled guilty to threatening or intimidating and misconduct involving weapons. The superior court imposed concurrent terms of supervised probation: one year for threatening and intimidating and two years for misconduct involving weapons. The court ordered the probation to begin after Walls-Bey was released from prison in a separate matter.

¶3 In May 2023, the Adult Probation Department ("the Department") petitioned to revoke Walls-Bey's probation based on his failure to report to the Department after his discharge from prison. Walls-Bey admitted the violation, and the superior court reinstated probation on both counts. In addition to the original probation conditions for threatening and intimidating, the court imposed an alcohol-prohibition requirement and authorized substance-abuse treatment if directed by the Department. The court then provided Walls-Bey with written copies of the probation terms, which he signed.

¶4 Walls-Bey moved to modify the terms of his probation in December 2024, asserting the probation conditions related to alcohol use and substance-abuse treatment had not been included in the original probation terms and were unnecessary and excessive. The State's response agreed that the additional conditions were not included in the original probation terms but deferred to the court's discretion on whether to modify probation. The court did not rule on the motion, resulting in its denial by operation of law. *See State v. Serrano*, 234 Ariz. 491, 494, ¶ 8 (App. 2014).

¶5 Walls-Bey petitioned for PCR. He contended the superior court violated his due process rights when it imposed the modified probation conditions without notice and an opportunity to be heard and that the new conditions constituted an illegal sentence. The court summarily dismissed the petition, finding it had authority to modify Walls-Bey's probation, and the newly imposed conditions were reasonably related to his rehabilitation and to public safety.

**¶6** Walls-Bey petitioned for review of the superior court's ruling. We grant review under Article 6, Section 9, of the Arizona Constitution, Arizona Revised Statutes ("A.R.S.") section 13-4239(C), and Rule 33.16.

## DISCUSSION

**¶7** We review the superior court's PCR rulings for an abuse of discretion, "which occurs if the court makes an error of law or fails to adequately investigate the facts necessary to support its decision." *State v. Bigger*, 251 Ariz. 402, 407, ¶ 6 (2021).

**¶8** In his petition for review, Walls-Bey reasserts his argument that he is entitled to relief under Rule 33.1(a) and (c) because the superior court violated his due process rights by adding new conditions to his probation without notice or a factual finding.

**¶9** "Upon finding that [a] probationer violated a condition or regulation of probation, the court may revoke, modify, or continue probation." Ariz. R. Crim. P. 27.8(c)(2); *see also* A.R.S. § 13-901(C). When a court imposes probation, it has authority to impose conditions "as the law requires and the court deems appropriate." A.R.S. § 13-901(A). "Of necessity, the trial court must be given substantial latitude in such matters in light of the uncertainty as to how rehabilitation is actually accomplished." *State v. Donovan*, 116 Ariz. 209, 212 (App. 1977). "The question is whether there is a reasonable nexus between the conditions imposed and the goals to be achieved by the probation" and we will not "strike down conditions of release, even if they implicate fundamental rights, if such conditions are reasonably related to the ends of rehabilitation and protection of the public from recidivism." *State v. Kessler*, 199 Ariz. 83, 88, ¶ 21 (App. 2000) (citations and internal quotations omitted).

**¶10** At the disposition hearing, the court advised Walls-Bey of the new conditions. Walls-Bey acknowledged them on the record and signed the written terms of probation. Thus, he received both notice and an opportunity to be heard. Further, the superior court did not abuse its discretion in ordering these additional conditions because they are reasonably related to his rehabilitation and public safety. The court reasonably found that substance abuse and alcohol use could increase the risk of future dangerous behavior as Walls-Bey's offenses involved victims and weapon misconduct. Therefore, Walls-Bey has shown no error in the superior court's dismissal of his PCR petition.

**¶11** While his petition for review was pending, Walls-Bey also filed a motion arguing the State's decision not to file a substantive response

constitutes confession of error. We may treat the State's failure to file a response as a confession of error. *State ex rel. McDougall v. Superior Court (Blendu)*, 174 Ariz. 450, 452 (App. 1993). But we decline to do so here because the superior court correctly applied the law and the record supports the court's decision. *See Nydam v. Crawford*, 181 Ariz. 101, 101 (App. 1994) ("[W]e are reluctant to reverse based on an implied confession of error when . . . the trial court has correctly applied the law.").

## CONCLUSION

¶12        We grant review and deny relief.



MATTHEW J. MARTIN • Clerk of the Court
**FILED**:          JR